UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**2719**

**2012 MAY 31 AM 11: 31**

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

FILED
CLERK

KIM HOLLEMAN,

**SUMMONS ISSUED**

Plaintiff,

Case No. _____

vs.

**COMPLAINT**

ART CRATING INC., ROBIN LOWE,
individually, and JOHN DOES 1-10, and
ABC CORPS. 1-10, fictitious names for
persons or entities whose present roles and
identities are unknown,

Defendants.

**IRIZARRY, J.**

**GOLD, M.J.**

Plaintiff, KIM HOLLEMAN by and through her attorneys, Meyers Fried-Grodin, LLP, as

and for her Complaint, states as follows:

### STATEMENT OF THE CASE

1. This is an action, by an aggrieved individual against her former employer, alleging

violations of Federal, State, and City law for unlawful discrimination based upon gender, and

retaliation for having exercised her rights under those laws.

### THE PARTIES

2. Plaintiff Kim Holleman ("Plaintiff Holleman" or "Ms. Holleman") is an individual who

resides in New York City, in the State of New York, and in the County of Brooklyn.

3. Ms. Holleman had been employed by Art Crating, Inc. ("ACI" or the "Company") as an

Art Handler/Installer from on or about May 13, 2010 until on or about December 11, 2011, when

she was fired by way of a weekend e-mail from ACI's President, Robin Lowe ("Lowe").

4. ACI is a company that installs expensive artwork for high-end corporate and private

clients.

- 1 -

5.  Upon information and belief, ACI's business is highly profitable.

6.  Upon information and belief, ACI is a for-profit domestic business entity organized and existing under the laws of the State of New York.

7.  Upon information and belief, ACI's principal place of business is 26 Van Dam Street, Brooklyn, NY 11222, and is located in the County of Brooklyn.

8. Defendant Lowe is ACI's President.  Upon information and belief, he is also ACI's founder.

9. Upon information and belief, at all relevant times, Mr. Lowe served as a principal, officer and/or manager of ACI.

10. Upon information and belief, at all relevant times, Mr. Lowe controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing of employees, such as Ms. Holleman.

11. Upon information and belief, at all relevant times, ACI has had more than fifteen (15) employees.

## JURISDICTION AND VENUE

12. Jurisdiction is based on 28 U.S.C. § 1331, insofar as this action involves statutes of the United States, and specifically Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 21 *et. seq.* ("Title VII".)

13. Additionally, Plaintiff Holleman relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to state law claims that form other bases for recovery upon the same factual nexus, specifically the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL").

- 2 -

14. Venue is based on 28 U.S.C. § 1391(b)(1) insofar as at least one of the Defendants resides within this Judicial District, and (b)(2) insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

15. Prior to filing this Complaint, Plaintiff Holleman, on February 27, 2012, filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

16. On May 1, 2012, the EEOC issued a right to sue letter to Plaintiff Holleman.

## FACTS COMMON TO ALL COUNTS

17. Plaintiff Holleman re-alleges and incorporates the allegations set forth in paragraphs 1 through 16, above.

### A. Plaintiff Holleman Was the Only Female Employee of Her Kind at ACI and She Performed Well

18. Ms. Holleman was a true minority at ACI.

19. Indeed, she was the only woman at the Company who held the position of Art Handler/Installer.

20. Moreover, Ms. Holleman was one of the few women to hold such a position in the industry.

21. Securing that position came after years of experience, as a highly-educated professional woman, in this largely male-dominated industry.

22. During Ms. Holleman's employment, she performed well.

23. In fact, she received a raise, in recognition of her performance, just a few weeks before she was fired.

**B. Plaintiff Holleman Was Terminated Because of Her Gender and the Reason Proffered for Her Termination Is Pretextual**

24. The Defendants treated Ms. Holleman disparately because of her gender. In sum, the Defendants summarily fired her in response to a relatively minor disciplinary infraction, even though ACI had not fired other, similarly-situated male employees who had committed similar infractions in the past.

25. Ms. Holleman was fired by way of a weekend e-mail by ACI's President, Lowe, on or about Sunday December 11, 2011.

26. The reason given for Ms. Holleman's termination was that she had complained about a work-related issue in front of a client representative, Taylor Franklin, of the Gagosian Gallery, on Friday, December 9, 2011.

27. The reason provided did not make logical sense. It is a pretext for discrimination.

28. The following are examples of facts that reveal the proffered termination reason to be pretextual:

- Taylor Franklin (the client contact at the Gagosian Gallery) did not believe that anything Ms. Holleman said at the Gagosian Gallery was sufficiently problematic to justify her termination;

- Before ACI President Lowe fired Ms. Holleman, he did not speak with Mr. Franklin about Ms. Holleman and did not learn of the negligible nature of Ms. Holleman' complaint while working at the Gagosian Gallery (nor did Mr. Lowe learn that Mr. Franklin believed that Ms. Holleman's infraction was too minor to justify termination). In essence, Mr. Lowe summarily fired Ms. Holleman -- in knee-jerk fashion -- without bothering to find out about the circumstances surrounding Ms. Holleman's alleged infraction, the severity of the infraction, or its impact (or lack of impact) on the customer;

- On or about the Monday following my termination, Philip Cheung (whom Ms. Holleman believes to be the second highest authority figure at ACI, just below Mr. Lowe), contacted Ms. Holleman. He relayed to Ms. Holleman that he had spoken to Mr. Lowe in Ms. Holleman's defense and made points to Mr. Lowe including: (i) Ms. Holleman is one of ACI's top installers; and (ii) that Mr. Lowe

- 4 -

was not considering all relevant information in his decision to fire Ms. Holleman. Nonetheless, Mr. Lowe refused to reverse his decision; and

- Several other male employees of ACI committed the same types of infractions without being summarily terminated. (Indeed, at least one was promoted!) Ms. Holleman is the only known employee of ACI to have suffered the fate of immediate termination for this kind of infraction. Accordingly, the difference in treatment, based on gender, is starkly clear.

## C. ACI Retaliated Against Ms. Holleman After She Asserted Her Legal Rights

29. On or about January 6, 2012, Ms. Holleman's attorney sent a demand letter to Defendants.

30. In the letter, the sum and substance of the above allegations were presented to the Defendants.

31. Furthermore, in that letter, the Defendants were specifically cautioned not to retaliate against Mr. Holleman for having exercised her rights under Title VII, the NYSHRL, and the NYCHRL.

32. That notwithstanding, ACI's knee-jerk response was to retaliate against Ms. Holleman by: (i) wrongfully opposing her application for unemployment benefits; and (ii) falsely alleging that she had stolen a piece of artwork.

33. With respect to Ms. Holleman's unemployment application, ACI submitted information to the New York Department of Labor ("NYDOL"), and acting on that information, the NYDOL initially denied much-needed unemployment benefits to Ms. Holleman.

34. Fortunately, following a contested hearing on or about March 20, 2012, at which both Holleman and Lowe testified, the Administrative Law Judge rejected Defendant's position and found, in a written Notice of Decision, that Ms. Holleman's "employment ended under circumstances that did not constitute misconduct." This ruling reversed the initial disqualification of benefits that the Defendants had foisted upon Ms. Holleman.

35. Unfortunately, upon information and belief, ACI has not retracted its false allegation that Mr. Holleman had stolen a piece of artwork.

## COUNT ONE
### (Gender Discrimination Under Title VII)

36. Plaintiff Holleman re-alleges and incorporates the allegations set forth in paragraphs 1 through 35, above.

37. Defendants caused Ms. Holleman to experience adverse employment actions, including discharge from her employment, due to her gender.

38. Defendants' actions constitute violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 21 *et. seq.*)

39. As a result of Defendants' unlawful actions, Ms. Holleman has suffered a loss of employment, and a loss of wages, benefits, advancements in seniority, and other emoluments of employment.

40. In addition, Ms. Holleman has suffered emotional distress.

41. Defendants' unlawful conduct was egregious, willful, wanton and/or in reckless disregard of Ms. Holleman's rights and, moreover, upon information and belief, involved the participation of upper management, including Defendant Lowe, thus warranting the imposition of punitive damages.

## COUNT TWO
### (Gender Discrimination Under the NYSHRL)

42. Plaintiff Holleman re-alleges and incorporates the allegations set forth in paragraphs 1 through 41, above.

43. Defendants caused Ms. Holleman to experience adverse employment actions, including discharge from her employment, due to her gender.

44. Defendants' actions constitute violations of the New York State Human Rights Law (Executive Law § 296).

45. As a result of Defendants' unlawful actions, Ms. Holleman has suffered a loss of employment, and a loss of wages, benefits, advancements in seniority, and other emoluments of employment.

46. In addition, Ms. Holleman has suffered emotional distress.

47. Defendants' unlawful conduct was egregious, willful, wanton and/or in reckless disregard of Ms. Holleman's rights and, moreover, upon information and belief, involved the participation of upper management, including Defendant Lowe, thus warranting the imposition of punitive damages.

## COUNT THREE
### (Gender Discrimination Under the NYCHRL)

48. Plaintiff Holleman re-alleges and incorporates the allegations set forth in paragraphs 1 through 47, above.

49. Defendants caused Ms. Holleman to experience adverse employment actions, including discharge from her employment, due to her gender.

50. Defendants' actions constitute violations of the New York City Human Rights Law (New York City Administrative Code Section 8-107 *et seq.*).

51. As a result of Defendants' unlawful actions, Ms. Holleman has suffered a loss of employment, and a loss of wages, benefits, advancements in seniority, and other emoluments of employment.

52. In addition, Ms. Holleman has suffered emotional distress.

53. Defendants' unlawful conduct was egregious, willful, wanton and/or in reckless disregard of Ms. Holleman's rights and, moreover, upon information and belief, involved the participation

of upper management, including Defendant Lowe, thus warranting the imposition of punitive damages.

## COUNT FOUR
### (Title VII Retaliation)

54. Plaintiff Holleman re-alleges and incorporates the allegations set forth in paragraphs 1 through 53, above.

55. Defendants unlawfully retaliated against Plaintiffs for having engaged in legally-protected activity within the meaning of Title VII.

56. As a direct and proximate result of the aforesaid occurrence, Ms. Holleman sustained injuries.

57. Defendants' unlawful conduct was egregious, willful, wanton and/or in reckless disregard of Ms. Holleman's rights and, moreover, upon information and belief, involved the participation of upper management, including Defendant Lowe, thus warranting the imposition of punitive damages.

## COUNT FIVE
### (NYSHRL Retaliation)

58. Plaintiff Holleman re-alleges and incorporates the allegations set forth in paragraphs 1 through 57, above.

59. Defendants unlawfully retaliated against Plaintiffs for having engaged in legally-protected activity within the meaning of the NYSHRL.

60. As a direct and proximate result of the aforesaid occurrence, Ms. Holleman sustained injuries.

61. Defendants' unlawful conduct was egregious, willful, wanton and/or in reckless disregard of Ms. Holleman's rights and, moreover, upon information and belief, involved the participation

of upper management, including Defendant Lowe, thus warranting the imposition of punitive damages.

## COUNT SIX
### (NYCHRL Retaliation)

62. Plaintiff Holleman re-alleges and incorporates the allegations set forth in paragraphs 1 through 61, above.

63. Defendants unlawfully retaliated against Plaintiffs for having engaged in legally-protected activity within the meaning of the NYCHRL.

64. As a direct and proximate result of the aforesaid occurrence, Ms. Holleman sustained injuries.

65. Defendants' unlawful conduct was egregious, willful, wanton and/or in reckless disregard of Ms. Holleman's rights and, moreover, upon information and belief, involved the participation of upper management, including Defendant Lowe, thus warranting the imposition of punitive damages.

## COUNT SEVEN
### (Individual Liability)

66. Plaintiff Holleman re-alleges and incorporates the allegations set forth in paragraphs 1 through 65, above.

67. At all relevant times, Defendant Lowe was responsible for the supervision and management of Ms. Holleman.

68. In addition to his active role in discriminating against Ms. Holleman, Defendant Lowe also aided, abetted, coerced and/or compelled discriminatory action be taken against Ms. Holleman.

69. As a result of Defendants' unlawful actions, Ms. Holleman has suffered a loss of employment, and a loss of wages, benefits, advancements in seniority, and other emoluments of employment.

70. In addition, Ms. Holleman has suffered emotional distress.

71. Defendant Lowe's unlawful conduct was egregious, willful, wanton and/or in reckless disregard of Ms. Holleman's rights and warrant the imposition of punitive damages.

### COUNT EIGHT
### (Respondeat Superior)

72. Plaintiff Holleman re-alleges and incorporates the allegations set forth in paragraphs 1 through 71, above.

73. ACI is liable for any and all damages incurred as a result of the actions and/or omissions of Defendant Lowe and/or other individuals who engaged in unlawful conduct pursuant to the doctrine of *respondeat superior*.

### COUNT NINE
### (Fictitious Party Allegations)

74. Plaintiff Holleman re-alleges and incorporates the allegations set forth in paragraphs 1 through 73, above.

75. Defendants John Does 1-10 and ABC Corps 1-10 are fictitious individuals, corporations, partnerships, business entities, or anyone else who participated with the treatment, management, and supervision of Ms. Holleman at all relevant times; and/or those with an ownership interest in ACI and/or who possessed the requisite position such as to be individually liable for violations of Title VII, the NYSHRL and/or the NYCHRL.

76. Defendants John Does 1-10 and ABC Corps 1-10 retaliated against Ms. Holleman in their collective and/or respective care supervision, management and/or treatment of her, were

responsible for the harms inflicted upon her, and otherwise aided and abetted the discrimination against Ms. Holleman; and/or share common ownership, affiliation, or enterprise with ACI such as to be liable for violations of Title VII, the NYSHRL and/or the NYCHRL.

77. As a direct and proximate result of the carelessness, recklessness, intentional wrongfulness, negligence, and discriminatory animus of Defendants John Does 1-10 and ABC Corps 1-10, said names being fictitious, Ms. Holleman was caused to suffer damages.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Holleman demands a trial by jury on all questions of fact raised by the Complaint.

## PRAYER

WHEREFORE, Plaintiff Holleman demands judgment against the Defendants, jointly and severally, for the following:

a.  compensatory damages including back-pay, front-pay, and emotional distress in an amount no less than $1,000,000;

b.  pre-judgment and post-judgment interest;

c.  attorneys' fees and costs;

d.  punitive damages;

e.  reinstatement of Plaintiff Holleman to her position of employment at ACI;

f.  an Order from this Court enjoining Defendants from further violating Title VII, the NYSHRL, and the NYCHRL; and

g.  such other and further relief as the Court finds just and proper.

- 11 -

Respectfully submitted,

**MEYERS FRIED-GRODIN LLP**
Attorneys for Plaintiff Kim Holleman

Dated: May 31, 2012

By:

       Jonathan Meyers, Esq. (JM0620)
       Empire State Building
       350 Fifth Avenue, 59th Floor
       New York, NY 10018
       (646) 596-1292
       EmploymentLawyer@Lawyer.com

TO:

ART CRATING, INC.
26 Van Dam Street,
Brooklyn, NY 11222

ROBIN LOWE
26 Van Dam Street,
Brooklyn, NY 11222